**IN THE COURT OF APPEALS OF IOWA**

No. 25-1053
Filed August 20, 2025

**IN THE INTEREST OF F.C.,**
**Minor Child,**

**O.B., Mother,**
　　　Appellant.
_____

　　　Appeal from the Iowa District Court for Linn County, Carrie K. Bryner, Judge.

　　　A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

　　　Robin O'Brien Licht, Cedar Rapids, for appellant mother.

　　　Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

　　　Robert Davison, Cedar Rapids, attorney and guardian ad litem for minor child.

　　　Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.

**SCHUMACHER, Presiding Judge.**

A mother appeals the termination of her parental rights to her son, born in 2018.[1] She claims the State failed to prove one of the grounds for termination cited by the district court and termination is not in the child's best interests due to the parent-child bond. Upon our review, we affirm.

## I. Background Facts and Proceedings

This family came to the attention of the Iowa Department of Health and Human Services (the department) most recently in February 2024, due to concerns the mother was using methamphetamine while caring for the child. The department had been involved periodically with the family since the child's birth due to similar concerns, including the mother and her paramours using and dealing methamphetamine from the mother's home and using the home as a "flop house" while the child was "left to fend for himself."[2] A department caseworker interviewed the child at school.

Although the child reported the mother smoked "just cigarettes," he identified a methamphetamine pipe as her method of smoking. He tested positive for ingestion of and exposure to methamphetamine. Initially, the mother did not respond to the department's attempts to contact her. Eventually, she acknowledged daily use of methamphetamine in the family home. The child was removed from parental custody, adjudicated in need of assistance, and placed with

---

[1] The putative father's parental rights were also terminated. He does not appeal.

[2] The mother sent the child to live with the putative father in Missouri while the department was investigating the mother. Once the assessment was completed, the putative father returned the child to the mother. Placement with the father was not an option during this proceeding. As of the time of the termination hearing, the father had refused to take a paternity test.

the maternal grandparents. At the time of removal, the child was underweight, required eye surgery, and needed dental care to treat an abscessed tooth and address cavities.

The mother entered inpatient substance-use treatment in late May. She arrived at intake with drugs and drug paraphernalia. She was asked to leave the program less than one month later. Meanwhile, she either tested positive or no-showed for requested drug testing. The department reported:

> [The mother] has a lack of insight into the negative impact of her excessive drug or alcohol use. [She] will often blame others or deflect from the real issues. She does not believe methamphetamine use has impaired her ability to parent. She has made excuses for why her son was never taken to the dentist or why he often missed school or was tardy.

The mother's participation in family treatment court was also jeopardized by her continued positive drug tests. In September, the court entered an order formally discharging her from treatment court, upon finding it was "not benefitting [her] or assisting her in achieving sobriety as she does not appear ready to engage in services."

The mother reentered inpatient treatment in October. But less than two weeks later, she was asked to leave "due to her disruptive behaviors." Her lack of participation in drug testing persisted. By November, the guardian ad litem (GAL) reported the mother "has not been doing well"; "[w]hile there is still some time yet, she needs to make a very dramatic turnaround to avoid termination from occurring."

The State initiated termination-of-parental-rights proceedings in December. The hearing took place in February 2025. The GAL and department recommended termination of parental rights.

At the time of the hearing, the child had been placed with his maternal grandparents outside the mother's custody for one year.[3] During that time, the mother had inconsistently attended substance-use and mental-health treatment, missed drug tests, and continued to use methamphetamine. The family support services (FSS) provider testified one of the main goals she had worked on with the mother was "maintaining sobriety" and "sober parenting" but she still had concerns about the mother's ability to maintain sobriety. The department caseworker concurred.

The mother testified she last used "[p]robably a couple weeks ago; whenever we had the last court date." She testified, "I have struggled to maintain my [sobriety] long-term." The mother stated she had talked to approximately five therapists over the past year: "I say I'm doing it, but I keep giving up." She requested more time: "I know I don't—haven't necessarily earned that," but "I still want a chance to have him come home to me. I know I'm capable."

The court thereafter entered an order terminating the mother's parental rights pursuant to Iowa Code section 232.116(1)(e), (f), and (*l*)[4] (2024). The mother appeals.

---

[3] The maternal grandparents were not a permanent placement option. The department was exploring adoptive placement options.

[4] The court's analysis and ruling state the State proved the grounds for termination under paragraph (*l*). As such, we determine the court's prior passing reference to the grounds under paragraph (*l*) as not being proved was a scrivener's error.

## II.    Standard of Review

We review termination-of-parental-rights proceedings de novo.  *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019).  Upon our review, our primary consideration is the best interests of the child, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

## III.    Discussion

### A.    Grounds for Termination

The court terminated the mother's parental rights under Iowa Code section 232.116(1)(e), (f), and (*l*).  The mother challenges the termination only under paragraph (f).  When the court terminates parental rights on more than one statutory ground, we can affirm the order on any ground we find supported by the record.  *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).  Because the mother does not challenge termination under paragraph (e) or (*l*), she has waived any claim of error on these grounds.  *See In re L.H.*, No. 24-1791, 2025 WL 52768, at *3 (Iowa Ct. App. Jan. 9, 2025).  Accordingly, we affirm termination of her parental rights under section 232.116(1)(e) and (*l*).

### B.    Best Interests

Termination also must serve the child's best interests.  *See* Iowa Code § 232.116(2).  The mother claims termination is not in the child's best interests due to the "close bond" she shares with him.[5]  In assessing the best interests of the

---

[5] The mother conflates her best-interests and permissive-exceptions-to-termination claims, but she identifies statutory support for each, so we address them separately.

child, we must look at his long-term as well as immediate interests. *See In re K.F.*, 437 N.W.2d 559, 560 (Iowa 1989). "This requires considering what the future holds for the child if returned to the [mother]." *In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997). When making this decision, we also look to the mother's past performance because it may indicate the quality of care she is capable of providing in the future. *Id.* The court found:

> While [the mother] participated in some case plan expectations, her participation was minimal. [The mother] did complete several substance abuse evaluations, and participated in two residential treatment programs as well as outpatient treatment. However, her participation was superficial at best. [The mother] also participated in Family Treatment Court but did not take advantage of that opportunity. She continued to use methamphetamine, testing positive on almost every drug test in which she actually participated. [The mother] has minimally participated in multiple treatment programs (with unsuccessful completion) throughout this case and even more throughout her life. She has an identified substance use disorder and refuses to engage in treatment. She continues to present a danger to [F.C.] due [to] her substance use disorder. . . . Neither parent showed a continuing interest in the child. Neither parent made any attempt to assume the duties encompassed by the role of being a parent.

Upon our review, we concur with the court's determination that termination is in the child's best interests.

C.     Permissive Exception to Termination

Once the State has proven grounds for termination, the burden shifts to the parent to prove a permissive exception under section 232.116(3). *In re A.S.*, 906 N.W.2d 467, 475–76 (Iowa 2018). As noted, the mother claims the closeness of the parent-child bond should prompt the court to apply an exception to termination. *See* Iowa Code § 232.116(3)(c). Although the FSS provider acknowledged the mother's interactions with the child "were positive" and "it appeared that there was

bond there," the GAL equivocated, "I have no doubt that [the mother] loves her son, but she's got a lot on her plate and I don't know if and when—I'm hoping it will be when—she will pull things together."  While it was reported that the child "adores" his mother, her lack of progress has caused the child to become extremely anxious, remarking that he did not think his mother wanted him back "otherwise she would be trying harder."

Application of the exception under paragraph (c) "requires clear and convincing evidence that 'termination would be detrimental to the child at the time due to the closeness of the parent-child relationship.'"  *In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021) (quoting Iowa Code § 232.116(3)(c)).  The mother has not established that the termination of her parental rights will be detrimental to the child.  We affirm the termination of the mother's parental rights.

**AFFIRMED.**